Howard T. Hogan, J.
This proceeding pursuant to CPLR article 78 seeks to compel the Nassau County Board of Assessment Review to accept petitioner’s complaint against the 1972-73 tax assessment placed on its property located in Long Beach and to review the same.
In addition, petitioner requests relief declaring that it has 30 days from respondents’ determination of said complaint within which to commence a proceeding under article 7 of the Real Property Tax Law to review the 1972-73 tax assessment. The practical effect of this latter request would be to extend the Statute of Limitations contained in section 6-17.3 of the Nassau County Administrative Code (L. 1939, ch. 272, as added by L. 1940, ch. 458) which starts the 30-day time period running from the date on which the completed assessment roll is filed in the office of the Board of Assessors, namely, August 1. The court has no authority to extend or modify the Statute of Limitations and must deny such relief.
The Board of Assessment Review, acting pursuant to section 512 of the Real Property Tax Law, as modified by section 606 of the County Government Law of Nassau County (L. 1936, ch. 879), rejected as untimely petitioner’s protest made at an adjourned hearing of the board on July 20, 1972. The statutory references cited above provide, in effect, that the last day for filing complaints against tax assessments (protests) is the third Tuesday of May, grievance day, which in this situation was May 16, 1972. The petitioner correctly contends that subdivision 3 of section 1526 of the Real Property Tax Law specifically permits the filing of such complaints at any adjourned hearing of the board. By virtue of section 1560 of the Real Property Tax Law, the inconsistent provisions of section 512 of the Real Property Tax Law and section 606 of the County Government Law of Nassau County are inapplicable and subdivision 3 of section 1526 applies. The respondents’ contention that the adjourned hearings held after grievance day are lim *824 ited to hearing those complaints filed on or before May 16, 1972, is untenable in the light of the clear statutory mandate of section 1526.
The ad valorem tax levied upon real property is based upon the expertise of a Board of Assessors whose judgment fixes the value of an individual’s property for tax purposes.
Effective October 1, 1971, a drastic change in the law affecting assessment was ordained by the 1970 Legislature (L. 1970, ch. 957), which change relates to all of our 931 townships, 61 cities and 62 counties in the State. Now, any owner of real property who feels his property has been unfairly assessed and therefore illegal or erroneous has been provided by this statutory change with an unprecedented opportunity to have his assessment reviewed before a new, independent local board and/or by the courts. In the past the review board was the assessors, themselves. The very individuals who fixed the assessment were empowered to hear the complaint and make a judgment upon their own prior determination.
This method, albeit, well intended, was of little solace to the aggrieved taxpayer whose dilemma was that he must make his plea to those who fixed his assessment in the first instance. The entire burden of proof throughout was upon the aggrieved taxpayer. The change was long overdue.
The new laws (Real Property Tax Law, art. 15-A) provide for the appointment by the local legislative body of a maximum of five members who must have knowledge of property values in the assessing unit. In essence, this Board of Assessment Review is quasi-judicial and is charged with the responsibility of finding the facts, applying the laws and coming to a fair judgment. No member of this board may be an employee or officer of the local government which appointed him. The standard of assessment is 100% of full valuation (Real Property Tax Law, § 306), but this has not been adhered to in Nassau County since 1938 nor in any other area of the State. This fact is overcome, however, if all the assessments are at a uniform ratio or percentage of full value for all the property in the assessing unit.
Unless the aggrieved taxpayer has filed his protest with the Board of Assessment Review before that body concludes its hearings, he has no recourse.
Where, however, as in this case, the taxpayer has filed his protest during the adjourned hearings, he is within the statute. Such protest is timely and must be considered by the board. Concededly, this may well cause chaos in a suburban area such *825 as Nassau with approximately 400,000 parcels upon which several thousand of protests are filed annually. This, then, presents the problem of when does the assessment roll become final.
The tentative roll must be adopted on or before the first day in May (Nassau County Administrative Code, § 6-9.0; L. 1939, ch. 272, as amd. by L. 1944, ch. 716, § 2). If the board sits until July 31, it must deliver to the assessors on or before August 1, the final roll of assessments for tax purposes (Real Property Tax Law, § 1524, subd. 2). Should several hundred aggrieved taxpayers file their protests on the last adjourned date (July 31), it would be humanly impossible for the board to perform the duties with which it is charged. Obviously, this problem calls for clarification at the next legislative session.
Since the Board of Assessment Review must verify all changes by August 1, they may not now entertain this complaint even though it was timely filed. This, board has no power to effectuate any changes after August 1.
While the Board of Assessment Review has pre-empted the Board of Assessors in holding administrative hearings before trial, such pre-emption continued only until their work is terminated on August 1. After that date the Board of Assessors resume their statutory power and authority.
Under these circumstances, the court finds that the petitioner’s complaint has been duly and properly filed and the failure of the Board of Assessment Review to act shall be deemed a denial. The petitioner has until August 31 to file his petition for review by the court if it be so advised.